IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT ALAN PISATURO, <br> (TDCJ-CID #1339396) <br> <br> Petitioner, <br> <br> VS. <br> <br> RICK THALER, <br> <br> Respondent. | § § § § § § § § § § § | CIVIL ACTION NO. H-10-4914 |

## MEMORANDUM AND OPINION

The petitioner, Robert Alan Pisaturo, seeks habeas corpus relief under 28 U.S.C. § 2254. For the reasons discussed below, the court finds that this petition must be dismissed for lack of jurisdiction because it is a successive petition filed without the necessary permission from the appellate court.

Pisaturo challenges a 2005 conviction for sexual assault of a child. The conviction was issued in the 10th Judicial District Court of Galveston County, Texas. (Cause Number 02-CR-2109). On September 2, 2008, Pisaturo filed a federal petition for a writ of habeas corpus, Civil Action Number 4:08-2676, collaterally attacking this conviction. On August 10, 2009, the federal court denied Pisaturo's claims on the merits. Pisaturo filed an appeal in the United States Court of Appeals for the Fifth Circuit, which is still pending. (Appeal No. 09-20608). In the instant federal petition filed on December 6, 2010, Pisaturo challenges the same sexual assault conviction. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 7-8).

Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court

of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Pisaturo's successive application. This court lacks jurisdiction and this case is dismissed.

Pisaturo's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction. Pisaturo's motion for certificate of appealability, (Docket Entry No. 3), motion for findings of facts and conclusions of law, (Docket Entry No. 4), motion for continuance, (Docket Entry No. 5), motion for formal bill of exception, (Docket Entry No. 6), and motion for leave to file habeas petition, (Docket Entry No. 7), are denied as moot. All remaining pending motions are denied as moot.

The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). Pisaturo has not made the necessary showing. Accordingly, a certificate of appealability will not issue.

SIGNED on December 14, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge